IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN WILLIAMS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2833 |
| | : | |
| **THE RENFREW CENTER** | : | |

MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                        June  25,  2008

      Plaintiff Kathleen Williams ("Plaintiff") brought this action against The Renfrew Center ("Defendant"), alleging race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Count One); 42 U.S.C. § 1981 ("Section 1981") (Count Two); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA") (Count Three); and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. ("PHRA") (Count Four).  Now before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion").  For the reasons that follow, the Motion is granted in part and denied in part.

**I.  BACKGROUND**

      Accepting as true the allegations of the Amended Complaint, the pertinent facts are as follows: Plaintiff is a fifty-nine-year-old African American female.  Am. Compl. ¶ 16.  She worked for Defendant from 2000 to April 2002 as a Supervisor of Outpatient Billing.  Id. ¶ 17. Plaintiff alleges that she was terminated without good cause and replaced by a younger, caucasian employee.  Id. ¶ 19.  Although she was told that her position was being eliminated, it

was filled immediately.  Id. ¶ 20.

On October 22, 2002, Plaintiff filed a complaint with the Pennsylvania Human Rights Commission ("PHRC"), alleging discrimination on the basis of age and race.  See Id. ¶ 13; PHRC Complaint for Case No. 200204725, attached to Motion at Exhibit D.  The PHRC complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Am. Compl. ¶ 13.  The PHRC investigated her complaint, and on December 21, 2005, issued "Findings of the Investigation," which recommended that the case be closed due to "Insufficient Evidence to Support Probable Cause."  See December 21, 2005 Letter and Findings of the Investigation for PHRC Case No. 200204725, attached to Motion at Exhibit E.  The EEOC subsequently adopted the investigative findings of the PHRC and issued a notice of dismissal and right to sue letter on April 10, 2007.  See Am. Compl. ¶ 13; Dismissal and Notice of Rights for EEOC Case No. 17F-2003-61148, attached to Motion at Exhibit E.  Plaintiff filed the instant action on July 10, 2007.

## II.  LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild, O'Brien

& Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).[1]  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

**III. DISCUSSION**

    **A.**    **The Title VII and ADEA Claims (Counts One and Three)**

Before a plaintiff may commence a civil action under Title VII or the ADEA, she must file a charge with the EEOC.  See, e.g., Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984) (Title VII); Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002) (ADEA).  Defendant argues that Plaintiff's Title VII and ADEA claims both must be dismissed because her PHRC charge, which was cross-filed with the EEOC, was not verified properly as required by the governing EEOC regulations.  However, while EEOC charges alleging violations of Title VII must be verified,[2] charges alleging violations of the ADEA need not be verified.  Compare 29

---

[1] One exception to the rule that a court may not look outside the pleadings in deciding a motion to dismiss is that a court *may* consider documents attached to the complaint, matters of public record, or "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Since the PHRC and EEOC documents attached to Defendant's Motion are both public records and documents central to Plaintiff's claim that she exhausted her administrative remedies (see Am. Compl. ¶ 13), the Court may consider these documents without converting the Motion into a motion for summary judgment.  See, e.g., Dixon v. Phila. Hous. Auth., 43 F. Supp. 2d 543, 545 (E.D. Pa. 1999).

[2] The Third Circuit has stated that "the language regarding the filing of [a Title VII] charge and its verification is mandatory."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 262 (3d Cir. 2006).

C.F.R. § 1601.9 (EEOC regulation governing Title VII charges) ("A charge shall be in writing and signed and *shall be verified*." (emphasis added)), with 29 C.F.R. § 1626.6 (EEOC regulation governing ADEA charges) ("A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)."); see also Smith v. Video Monitoring Servs. of Am., L.P., 2000 WL 1521606, at * 4 (E.D. Pa. Oct. 3, 2000) ("[T]he standard for filing a charge is somewhat stricter under Title VII in that Title VII requires that a charge be verified whereas the ADEA does not."); Rabzak v. Berks County, 815 F.2d 17, 19-20 (3d Cir. 1987) (finding that a letter with no verification sent to the EEOC complied with the ADEA's charge requirements). Accordingly, Defendant's contention that Plaintiff's ADEA claim should be dismissed is without merit.

      The EEOC regulations governing Title VII state that the term "verified" means "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3. Defendant argues that the verification Plaintiff made on her PHRC charge does not meet the EEOC's standard because her statements were made "subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities," rather than "under penalty of perjury." See PHRC Complaint for Case No. 200204725.[3] However, at least one court in the Third Circuit disagrees, having stated that "[t]he charge verification requirement under Title VII is identical to the

---

[3] Specifically, Defendant argues that perjury is a felony in Pennsylvania and that the penalties for committing perjury include a sentence of imprisonment up to seven years. See Reply at 1 (citing 18 P.S. §§ 4902(a) and 1103(3)). The penalties to which Plaintiff subjected herself to under 18 P.S. § 4904, a misdemeanor of the second degree, only include a sentence of imprisonment up to one year. See Reply at 1-2 (citing 18 P.S. §§ 4904 and 1104(3)).

verification requirement under the PHRA." Davis v. Jefferson Reg'l Med. Ctr., 2007 WL 275217, at *3 n.3 (W.D. Pa. Sept. 19, 2007).[4]

Even assuming, however, that the verification requirement under the PHRA were not sufficient to satisfy the verification requirement under Title VII, dismissal of Plaintiff's Title VII claim would not be appropriate under the circumstances of this case. "Although [Title VII's] verification requirement is a statutorily required element of an EEOC charge, it is not a *jurisdictional* prerequisite for suit, *i.e.*, a plaintiff's failure to satisfy the requirement does not divest a federal court of jurisdiction." Buck, 452 F.3d at 262. Since the verification requirement is not a jurisdictional prerequisite, the Third Circuit has concluded that it "should be subject to waiver when equity so requires." Id. at 263 (citation and internal quotation marks omitted). The purpose behind the verification requirement is to "protect[] the employer from having to respond to frivolous charges." Id. at 261 (citation omitted); see also, e.g., Kuper v. Colonial Penn Ins. Co., 1999 WL 317077, at *2 (E.D. Pa. May 18, 1999) (citation omitted). By making her statements "subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities," the Court finds that Plaintiff has fulfilled the purpose of the verification requirement. Having fulfilled this purpose, depriving her of the opportunity to pursue her Title VII claims on a technicality would not be in the interest of justice. "Construing the verification

---

[4] In reaching this conclusion, the Davis Court compared 29 C.F.R. § 1601.3(a) (defining "verified" in the context of an EEOC complaint as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury") to 16 Pa. Code § 42.32(a)(4) (requiring that a PHRA complaint set forth a "verification consisting of a sworn oath or affirmation or an unsworn statement by the signer to the effect that the complaint is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities)"). See Davis, 2007 WL 275217, at *3 n.3.

requirement more flexibly, to take equitable considerations into account, comports with the broad remedial purposes of Title VII ... without compromising the verification requirement's narrower objective." Buck, 452 F.3d at 256.  Accordingly, the Court will not dismiss Plaintiff's Title VII claim for her alleged failure to comply with the verification requirement.

      **B.**      **The Section 1981 Claim (Count Two)**

Defendant argues that the statute of limitations for bringing a Section 1981 claim is two years, and that since Plaintiff did not file her Complaint until July 10, 2007, she is barred from challenging her April 25, 2002 termination under Section 1981.  In her Response, Plaintiff "concedes that her claim under 42 U.S.C. § 1981 was not timely and voluntarily withdraws such claim[]."  Response at 4.  Accordingly, the Section 1981 claim will be dismissed.

      **C.**      **The PHRA Claim (Count Four)**

Defendant argues that the Court should decline to exercise jurisdiction over Plaintiff's state claim under the PHRA after dismissing all of her federal claims.  However, since Plaintiff's Title VII and ADEA claims will not be dismissed, supplemental jurisdiction over her state law claim is proper pursuant to 28 U.S.C. § 1367(a).  Accordingly, Plaintiff's PHRA claim will not be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Motion will be granted in part and denied in part.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2833 |
| | : | |
| THE RENFREW CENTER | : | |

### ORDER

**AND NOW**, this 25th day of June, 2008, upon consideration of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (docket no. 11), Plaintiff's Response thereto (docket no. 14), and Defendant's Reply (docket no. 15), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part:

1. The motion to dismiss Plaintiff's Title VII, ADEA, and PHRA claims is **DENIED**.

2. Plaintiff's claim pursuant to 42 U.S.C. § 1981 is **DISMISSED**.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

-7-